IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

DEVON ADARIUS STURGIS,              )
                                    )
            Plaintiff,              )
                                    )
    v.                              )        CV 125-253
                                    )
SHERIFF LOGAN MARSHALL,             )
in his Official Capacity,           )
                                    )
            Defendant.              )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, formerly detained at Walton County Jail, commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP").  On October 27, 2025, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days and advised Plaintiff all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full.  (See doc. no. 3, pp. 1-3); 28 U.S.C. § 1915(b)(1).  Plaintiff was cautioned failure to respond would be an election to have this case voluntarily dismissed without prejudice.  (Doc. no. 3, p. 4.)  The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's October 3rd Order.  In fact, the Court's Order was returned to the Clerk of Court because Plaintiff has been released from the Walton County Jail.  (See doc. no. 4.)

I.    **DISCUSSION**

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply

with a court order.  Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to collection of the entire $350.00 filing fee in installments.  Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (citing 28 U.S.C. § 1915).  Plaintiff has been warned that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed.  (See doc. no. 3, p. 4.)  Moreover, Plaintiff's failure to keep the Court apprised of a valid address saddles the Court with a stagnant case in which no communication with Plaintiff seems possible. These actions by Plaintiff amount not only to a failure to prosecute, but also an abandonment of his case.  This is precisely the type of neglect contemplated by the Local Rules.  Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the full filing fee, and the Court finds that the imposition of monetary sanctions is not a feasible sanction.  Therefore,  Plaintiff's case should be dismissed.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of December, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA